Not for Publication

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MELVENE LYNN KENNEDY,<br><br>Appellant,<br><br>v.<br><br>JAMES B. NUTTER, TOWNSHIP OF IRVINGTON, AND MARIE-ANN GREENBERG,<br><br>Appellees. | Civil Action No. 19-21748<br>(JMV)<br><br><u>**OPINION & ORDER**</u> |

**<u>John Michael Vazquez, U.S.D.J.</u>**

Currently before the Court is an application to proceed *in forma pauperis* (D.E. 36) and five motions filed by *pro se* Appellant Melvene Lynne Kennedy: (1) a motion for a stay pending appeal, D.E. 32; (2) a motion for reconsideration, D.E. 33; (3) a supplemental motion to file and serve a brief, D.E. 44; (4) an apparently duplicate supplemental motion to file and serve a brief, D.E. 52; and (5) a motion to withdraw previous motions and to consolidate three of Appellant's cases, D.E. 53. The Court reviewed the submissions and decided the motions without oral argument. For the reasons discussed below, the Court will deny Appellant's motion for a stay pending appeal, grant in part Appellant's motion for reconsideration, dismiss Appellant's supplemental motions to file and serve a brief as moot, and grant in part Appellant's motion to withdraw and consolidate.

    **A. Request to Proceed *In Forma Pauperis***

Appellant has filed an application to proceed *in forma pauperis*. D.E. 36. To proceed *in forma pauperis*, a litigant must "establish that he is unable to pay the costs of his suit." *Walker v.*

*People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).  Appellant sufficiently establishes her inability to pay, and the Court grants her application to proceed *in forma pauperis* without prepayment of fees and costs.

**B. Motion to Stay Pending Appeal**

Appellant filed a "Motion for Stay Pending Appeal" on April 28, 2020, D.E. 32, which asks this Court to stay an Order Vacating Stay issued by the Honorable Stacey L. Meisel, U.S.B.J. on September 27, 2019.[1]  Appellant argues that the Order Vacating Stay Relief "did not offer Stay Relief to the Township of Irvington"; that she has $200,000 equity in her home; that she "will be irreparably harmed by transfer of title to property via foreclosure action" and that "[t]his type of injury cannot be redressed with monetary damages"; that imposing a stay is in the interest of justice; that she has paid Defendant Nutter all money owed; and that she had no opportunity to reply to the Appellees' opposition motions filed on her initial request for an Emergency Motion to Reimpose the Automatic Stay.  Appellant cites no law to support her arguments, but states that she does not have access to the public library she uses to conduct legal research because of COVID-19 shutdowns.

This Court has previously considered and rendered decisions on Appellant's request to impose the stay at issue.  On January 8, 2020, Appellant filed an Emergency Motion for Stay Relief.  D.E. 3.  After reviewing all submissions filed in support of and in opposition to this motion and holding oral argument, the Court issued an Order on January 13, 2020 denying the emergent motion.  D.E. 8.  Appellant filed a motion for reconsideration on February 14, 2020.  D.E. 13.  The Court reviewed all submissions made in support of and in opposition to the motion for reconsideration and, on March 19, 2020, issued an Opinion & Order denying the motion.  D.E. 23.

---

[1] Bankruptcy docket number 19-11156-SLM, document number 202.

The Court found that the motion for reconsideration was deficient because Appellate failed to satisfy the relevant legal standard.

On March 13, 2020, Appellant filed a Motion for Relief from Judgment to Reimpose Automatic Stay. D.E. 20. This motion was filed by Appellant before the Court issued its Opinion & Order on the motion for reconsideration (D.E. 23), however, it argued that the motion for reconsideration should be heard on the merits. Because the Court had already heard the motion for reconsideration on the merits, it denied the Motion for Relief from Judgement to Reimpose Automatic Stay as moot. D.E. 27.

The motion presently before the Court does not appear to raise any new issues and asks the Court to impose the same stay that the Court has considered and denied on previous occasions. Appellant's Motion to Stay Pending Appeal, D.E. 32, is denied.

### C. Motion for Reconsideration

Appellant's next motion, entitled "Motion to Reconsider Time to Serve & Filed Brief AND Amend Statement of Issues on Appeal" was filed on April 30, 2020. D.E. 33. In her motion, Appellant asks the Court to reconsider its denial of her previous request to amend the notice of appeal and to permit her extended time to serve and file a brief.

This motion was filed in response to the Court's Order to Show Cause issued on March 19, 2020. D.E. 24. Pursuant to this Order, Appellant was required to show cause in writing by March 27, 2020, demonstrating why her appeal should not be dismissed for failure to comply with the requisite rule – Appellant had filed a notice of appeal but failed to serve and file a brief within thirty days of the docketing of notice that the record had been transmitted and was available electronically. The Order explained that while Appellant filed a letter on February 28, 2020 (D.E. 16) requesting additional time to file a brief, Appellant did not provide any reason for her failure to comply with the original thirty-day deadline. Further, the Order noted that Appellant filed what

3

appeared to be a notice of "Amended Appeal" on March 4, 2020 (D.E. 17) but the submission was mostly illegible.

After the issuance of this Order, Appellant filed a letter on March 27, 2020 and requested additional time to file and serve a brief. D.E. 28. Appellant explained that she did not receive notice of the Court's order until March 26, 2020, and she was unable to file a reply the next day. She also requested permission to amend her Statement of Issues on Appeal. In response to Appellant's letter request, on April 22, 2020, the Court issued an Order granting Appellant forty-five (45) additional days to respond to the Order to Show Cause in light of the disruptions caused by COVID-19 and Appellant's difficulty accessing the public library from which she conducts legal research and accesses her PACER account. D.E. 29. The Court denied Appellant's request for additional time to submit a brief because Appellate did not provide any reason for her failure to comply with the original deadline. Additionally, the Court denied Appellant's request for permission to amend her "Statement of Issues on Appeal" because Appellant did not provide the Court with any relevant rule or case law that would allow her to make such an amendment at this stage of the litigation.

In Appellant's present "Motion to Reconsider Time to Serve & Filed Brief AND Amend Statement of Issues on Appeal," she explains that she was unable to file a brief because of a serious dental issue and a COVID-19 death in her family. D.E. 33. In light of these reasons, the Court will grant Appellant's request and permit her thirty (30) days to file and serve a brief. Appellant further cites to Federal Rule of Appellate Procedure 10(e) and asserts that she "need[s] to make corrections and modify [her] Notice of Appeal and Statement of Issues" to correct material misstatements and omissions. "[T]he Federal Rules of Appellate Procedure do not apply to bankruptcy appeals in the District Court." *In re E Toys, Inc.*, 263 Fed. Appx. 235, 238 (3d Cir.

4

2008). Because Appellant has again failed to cite a relevant rule or applicable case law that would allow her to make this amendment, the Court denies her request.

### D. Supplemental Motions to File and Serve a Brief

Appellant has filed what appear to be two identical motions entitled "Appellant's Supplemental Motion to File and Serve Brief." D.E. 44, 52. In these motions, Appellant apparently asserts that the Clerk failed to notify her that the appellate documents were transmitted and that her time to file and serve a brief began to run from that point in time. The Court notes that the Clerk does not create the rules concerning time to file and serve a brief – these deadlines are set out in Federal Rule of Bankruptcy Procedure 8018(a). The Clerk had no obligation or duty to notify Appellant about this rule. In any event, because the Court is granting in part Appellant's Motion for Reconsideration (D.E. 33) and affording her thirty (30) days to file and serve a brief, the Court dismisses Appellant's Supplemental Motions to File and Serve a Brief as moot.

### E. Motion to Withdraw and Consolidate

Next, Appellant filed four separate motions in a single docket entry filed on June 29, 2020. D.E. 53. First, Appellant includes a motion entitled "Withdrawal Request Supplemental Motion to Decide Interlocutory Order Issued by Bankruptcy Court to be Heard Along with Reply to Opposition Motion to Reconsider Impose Stay Pending Appeal." This motion asks the Court to withdraw her motion found at D.E. 45 because her second bankruptcy case has been dismissed so an interlocutory order would be improper. The Court grants this request.

Second, Appellant includes a motion entitled "Withdrawal Request Amended Appeal found at D.E. 17." She asserts that the Amended Appeal "in its form is improper" and "should reflect one cause of action" but "improperly list[s] 4 different issues." The Court notes that Appellant's entry at D.E. 17 is largely illegible but grants Appellant's request to withdraw the filing.

Third, Appellant's filing at D.E. 53 includes what appears to be a letter to the District Court Clerk seeking to correct certain documents transmitted from the Bankruptcy Court. Appellant attaches a copy of a "Transmittal of Documents" form from her bankruptcy court proceeding[2] on which she has added notations to show that case number 20-10509 was dismissed and circled "Third Case Number 20-8025". It is not clear to the Court what errors are present in these documents and what corrections Appellant seeks to make. The request is denied but Appellant can file another request clarifying the relief she seeks.

Finally, Appellant's filing includes a "Motion to Consolidate or Joint Administration of Cases Pending in the Same Court," in which she seeks to consolidate three actions: 20-7060; 20-6443 (if reopened)[3]; and 19-21748. Appellant cites Federal Rule of Bankruptcy Procedure 1015 in support of her request, which provides that "[i]f two or more petitions by, regarding, or against the same debtor are pending in the same court, the court may order consolidation of the cases." Insofar as Appellant seeks to reopen her appeal at 20-6443, the Court denies that request. However, the Court grants Appellant's motion to consolidate her remaining active cases, 20-7060 and 20-6443.

For the foregoing reasons, and for good cause shown,

IT IS on this 4th day of December, 2020

**ORDERED** that Appellant's Application to Proceed *In Forma Pauperis* is **GRANTED**; and it is further

**ORDERED** that Appellant's Motion for Stay Pending Appeal, D.E. 32, is **DENIED**; and it is further

---

[2] Bankruptcy docket number 20-10509-SLM.

[3] This case was terminated on June 2, 2020.

6

**ORDERED** that Appellant's Motion for Reconsideration, D.E. 33, is **GRANTED in part and DENIED in part**. Appellant's request for time to serve and file a brief is **GRANTED** and Appellate shall have thirty (30) days from the date of this order to file and serve a brief. Appellant's request to amend her statement of issues on appeal is **DENIED without prejudice**; and it is further

**ORDERED** that Appellant's Supplemental Motion to File and Serve Brief, D.E. 44, is **DISMISSED** as moot; and it is further

**ORDERED** that Appellant's Supplemental Motion to File and Serve Brief, D.E. 52, is **DISMISSED** as moot; and it is further

**ORDERED** that Appellant's Motion to Withdraw and Consolidate, D.E. 53, is **GRANTED in part and DENIED in part**. Appellant's request to withdraw her motion, D.E. 45, is granted and the Clerk of Court is directed to terminate the pending motion at D.E. 45. Appellant's request to withdraw her amended appeal, D.E. 17, is granted and the Clerk of Court is directed to strike Appellant's entry found at D.E. 17. Appellant's request entitled "Transmittal of Record Dispute" is denied without prejudice; and it is further

**ORDERED** that Appellant's request to consolidate is granted as to only her two active dockets, 19-21748 and 20-7060. The Clerk of Court is directed to consolidate these two matters under docket number 19-21748. The matter at docket number 20-7060 shall be closed; and it is further

**ORDERED** that the Clerk's Office shall serve a copy of this Order on Appellant Kennedy by regular mail and certified mail return receipt requested.

_____
John Michael Vazquez, U.S.D.J.